UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTIN DICKINSON, | : | PRISONER |
| *Plaintiff* | : | DOCKET NO. 3:03CV970 (PCD) (JGM) |
| v. | : | |
| | : | |
| KEITH SCOTT, ET AL., | : | February 17, 2004 |
| *Defendants* | | |

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

## BACKGROUND

The plaintiff is a patient acquittee who is receiving treatment at the Whiting Forensic Division of Connecticut Valley Hospital (Whiting). Patient acquittees are persons who have been adjudged not guilty of criminal charges by reason of mental disease or defect. Conn. Gen. Stat. § 53a-13; see also Conn. Gen. Stat. § 17a-580. Whiting is a maximum security facility operated by the Connecticut Department of Mental Health and Addiction Services (Department) that provides treatment for patients who are both mentally ill and dangerous. Conn. Gen. Stat. § 17a-561.

The five named defendants were all employed by the Department. Complaint, ¶¶ 3-7. The plaintiff alleges that the defendants took various actions in violation of his rights under the U.S. Constitution, Title II of the Americans with Disabilities Act and the Connecticut Patients' Bill of Rights. These alleged actions include restricting the plaintiff's right to treatment as authorized in his treatment plan, submitting a report to the Connecticut Psychiatric Security Review Board containing a fictitious recommendation that the plaintiff be confined under conditions of maximum security, placing the plaintiff on a restricted diet without consent or clinical need, restricting the plaintiff from eating in the unit dining room and placing the plaintiff

on overnight seclusion status, resulting in the plaintiff sleeping on a mattress on the floor of the seclusion room. Complaint, ¶¶ 11, 16, 21, 23 and 24.

The defendants have filed a Motion to Dismiss, pursuant to Rule 12 (b)(1) and (6), F.R.C.P., in which they challenge all claims raised in the Complaint for the reasons that the Court lacks subject matter jurisdiction and/or that such Complaint fails to state a claim upon which relief can be granted.

The plaintiff has filed a comprehensive set of interrogatories and requests for production with the defendant Mullaney, who is the Chief Executive Officer of Connecticut Valley. Inclusive of all subparts, the plaintiff has submitted twenty-seven interrogatories to the defendant Mullaney (a copy of Plaintiff's First Set of Interrogatories and Request for Production is attached hereto). According to their terms, "these interrogatories request information spanning from 8/30/99 to the date of answers to these interrogatories." Plaintiff's First Set of Interrogatories and Request for Production, p. 2. The plaintiff has likewise requested the production of documents dating back to 1999. Plaintiff's First Set of Interrogatories and Request for Production, p. 18-17.

## ARGUMENT

### A STAY OF ALL DISCOVERY IS APPROPRIATE PENDING A RULING ON THE DEFENDANTS' MOTION TO DISMISS

**I. DISCOVERY SHOULD NOT BE ALLOWED PENDING RESOLUTION OF THE IMMUNITY ISSUE**

The defendants' Motion to Dismiss is based, in part, on a claim that the Court lacks subject matter jurisdiction. Specifically, the defendants contend that the Eleventh Amendment bars the plaintiff's claim against state officials founded on the Connecticut Patients' Bill of Rights. See *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 229, 110 S.Ct. 1868 (1990)

(Eleventh Amendment established that unconsenting state is immune from suits brought by its own citizens); *Laxalt v. McClatchy*, 109 F.R.D. 632, 634 (D.Nev. 1986). ("It is clear that the Eleventh Amendment establishes that a federal court has no jurisdiction over any lawsuit against a state") . The U.S. Supreme Court has recognized that the Eleventh Amendment "serves to avoid 'the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.'" *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58, 116 S.Ct. 1114, 1124 (1996). Consistent with that view, the Supreme Court has also determined that "until [a] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982) (addressing a qualified immunity issue raised by the defendant). In accordance with *Seminole* and *Harlow*, discovery should not be allowed in the instant action until such time as the Court resolves the immunity issue pending in the defendants' Motion to Dismiss.

## II. A STAY OF ALL DISCOVERY IS APPROPRIATE UNDER THE APPLICABLE STANDARD

The granting or denial of a motion seeking the stay of discovery on the basis of a pending dispositive motion is a matter within the discretion of the court. Through pertinent case law, however, a standard has evolved which can assist courts considering such a request. A stay of discovery is appropriate when the court can make the following three findings: (1) the potentially dispositive motion does not appear to be unfounded in the law; (2) the plaintiff has not demonstrated that he would be prejudiced by a stay; and (3) adjudication of the pending dispositive motion might obviate the need for burdensome discovery. *Johnson v. New York University School of Education*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

An application of the *Johnson* standard to the instant action leads to the conclusion that a stay of discovery is appropriate. The defendants' pending Motion to Dismiss challenges all

3

claims raised in the Complaint and for that reason is potentially dispositive of the action. The defendants' motion raises well-established principles, such as Eleventh Amendment immunity, failure to state a claim for which relief can be granted and the unavailability of individual suits pursuant to Title II of the ADA. The instant action is in its early stages and the defendants' Motion to Dismiss raises legal issues which can be determined on the basis of the papers filed with the Court. Consequently, there is no prejudice to the plaintiff in staying discovery pending disposition of the defendants' motion. Additionally, and, most importantly, a favorable ruling on the defendants' motion would obviate the need for a response to the plaintiffs' discovery requests, which seek interrogatory responses and document production from 1999 until the present date.

The standard articulated in *Johnson* is not inconsistent with the earlier decision of this Court in *In Re. First Constitution Shareholders Litigation*, 145 F.R.D. 291 D.Conn. 1991). In considering a request to stay discovery in *First Constitution*, the Court determined that "the emphasis should be laid upon the comprehensiveness of the discovery sought and the burden occasioned thereby upon the defendants, and the relative prejudice a stay will place upon both sides." Id at 294. The Court noted that the pending discovery requests sought information covering a three year period and that discovery would be "unwieldy." Id. In terms of possible prejudice, the Court noted that it was "highly unlikely" that the case would be tried in the immediate future . The discovery requests filed by the plaintiff in the instant action seek interrogatory responses and documents covering a period of approximately four and one-half years, "from 8/30/99 to the date of answers to these interrogatories." The plaintiff's requests are comprehensive and place a significant burden upon the defendant Mullaney. In terms of prejudice, The First Scheduling Order issued by the Court provides for the filing of motions for

summary judgment by the beginning of July, 2004.  As indicated in the scheduling order, this case will not be tried in the immediate future.  Consequently, there will be no prejudice to the plaintiff if the requested stay is granted.  The present circumstances are not dissimilar to those considered by this Court in *First Constitution* and, as in that case, warrant a stay of discovery pending a ruling on the defendants' motion.

## **CONCLUSION**

For all of the foregoing reasons, the defendants respectfully submit that it would be appropriate to grant their Motion for Protective Order, staying discovery until thirty days after a ruling on their pending Motion to Dismiss.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General


BY: _____
Thomas J. Ring
Assistant Attorney General
Federal Bar No. ct08293
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385
Thomas.Ring@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 17TH day of February, 2004 to:

Martin Dickinson, Pro Se
70 O'Brien Drive
Middletown, CT 06457

                                                                               _____
                                                                               Thomas J. Ring
                                                                               Assistant Attorney General