**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

MARTIN DICKINSON,                    :        CIVIL ACTION NO.
            *PRO SE,* **PLAINTIFF**,          3:03cv970(PCD)(JGM)
            **V.**                    :        **PRISONER**
KIETH SCOTT, M.D.,                            January 16, 2004
JAMES J. CASSIDY, DIV.DIRECTOR :
HILLIARD FOSTER, UNIT DIRECTOR
GARRELL MULLANEY, C.E.O.,C.V.H.:
LARIE ARATA,        **DEFENDANTS**,

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

The plaintiff Martin F. Dickinson, pursuant the Federal

Rules of Civil Procedure hereby serves the following first set

of interrogatories and request for production of documents on

defendant Garrell S. Mullaney, C.E.O., C.V.H.

You're directed to answer each of the interrogatories in

writing under oath, and produce each of the requested documents

for inspection and copying, within 30 days after the service. If

you refuse to answer any interrogatory in whole or in part,

please describe the basis of your refusal to answer in

sufficient detail so as to permit the Court to adjudicate the

validity of the refusal. Each interrogatory is addressed to the

defendant's personal knowledge, as well as to the knowledge of

his attorney(s), agent(s) and any other representatives involved

in this matter. Please use additional pages as necessary to

answer each question fully and completely. These interrogatories

are continuing in nature and require supplemental responses to

the extent permitted by the Federal Rules of Civil Procedure.

Except where otherwise stated, these interrogatories request information spanning from 8/30/99 to the date of answers to these interrogatories. If any document was destroyed about which these interrogatories ask, please identify the name of the person who ordered or authorized the destruction.

1. Please state the date you were appointed as the Chef Executive Officer of the Connecticut Valley Hospital. It is further requested that you provide the following information:

   a) Describe your duties and your professional decision-making responsibilities as the Chief Executive Officer of C.V.H.

   b) Identify all hospital boards that you serve as a member in your official capacity and please describe your duties;

   c) Identify all committees within the Department of Mental Health and Addiction Services that you are appointed to in your official capacity and please describe your duties;

   d) It is further requested that the defendant disclose whether there is pending against him any civil action involving residents of the Connecticut Valley Hospital and/or any official employee or contractor of the State of Connecticut Department of Mental Health and Addiction Services, or any subdivision or officials thereof, or whether there has been any such action pending since 9/30/99, and if so, full disclosure as to the nature and outcome of such legal action or actions;

e) In your official capacity, if you or your offices were subject to any investigation(s), conducted by a State or Federal Agency, please state the title of the agency, the dates and reasons for such action(s), and/or investigation(s), and if so, full disclosure is requested as to the nature and outcome of such action or actions.

2. State the primary diagnosis that you or your representative officer/agent relied upon in determining that the plaintiff is mentally ill or mentally retarded to the extent that he constitutes an immediate danger to self or others and that he requires treatment no less-restrictive than hospitalization under conditions of maximum-security?

3. Please state the INTERNATIONAL CLASSIFICATION OF DISEASES, NINTH REVISION, CLINICAL MODIFICATION CODE (hereinafter, ICD-9-CM), your agent/officer applied to plaintiff's diagnosis and please state the DSM-IV, disorders that follow that ICD-9CM, code.

4. Please state in accordance with the ICD-9CM, code under Axis I, and under Axis II, regarding the plaintiff's diagnosis what is your experience in treating individuals with such diagnosis?

5. Please identify the psychologist who performed the psychological testing on the plaintiff and specifically state the dates of such testing.

6. Please  identify  by  name  and  title  all  members  of  the
   Treatment-Team, employed on unit # 2 on 9/30/1999.

7. Please identify by name and title all the member(s), of the unit # 2, Treatment-Team who had moved on to another position within C.V.H. from 9/30/99 and prior to present date. It is further requested that you identify by name and title of all new members appointed from 9/30/99 to present date. Please include the exact date(s) of the appointment(s) or resignation(s) of each individual agent(s) of the State of Connecticut Department of Mental Health and Addiction Services at Whiting Forensic Division unit # 2. Produce all records of orders or policy directives, all written memoranda's from your office and/or from the office of the Commissioner of the DMHAS, disciplining, suspending and/or or dismissing any employee of the Treatment Team on unit # 2.

8. Please state the dates and times that the plaintiff engaged in serious attempts, gestures, or threats of suicide from 9/30/99 to present date.

9. Please state the dates and times that the plaintiff engaged in violent behaviors or any serious threats to harm others from the date of his admission to unit # 2 from 9/30/99. It is further requested that a list of names of Witnesses who were occurrence witnesses at the scene of the alleged offense or who were present when the plaintiff was physically restrained by agents of the State's Department of Mental Health and Addiction Services at Connecticut Valley Hospital Whiting Forensic Service.

10. Please state the dates and times that the plaintiff manifested signs and symptoms of gross confusion, disorientation, memory loss, and severe lack of judgement from 9/30/99 to present date.

11. Please state the dates and times that the plaintiff last
    manifested signs or symptoms of active and destructive
    hallucinations from 9/30/99 to present date.

12. Is your professional opinion that the plaintiff was disabled and/or mentally ill to the extent that he could not be adequately controlled with available supervision and treatment on conditional release under the jurisdiction of Psychiatric Security Review Board?

13. Is your professional opinion that the plaintiff, as a direct result of signs and symptoms of a psychiatric disorder, is unable to:

      a) work or attend school;

      b) has experienced gross diminution in academic or vocational performance;

      c) is unable to carry out usual roles;

      d) pursue and participate in recreational or social activities;

      e) his presence in a non-maximum-security setting poses an immediate threat to the safety or well-being of any other person, staff, patients.

14. State the dates when restrictions were placed on the plaintiffs' rights to access therapeutic, recreational, and rehabilitative and leisure service's that were available to others similarly situated at the Whiting Forensic Division of C.V.H. Please state the names, titles, and duties of all doctors, officers or names of committee members who had responsibility to review and approve the report filed in accordance with the provisions of Conn. Gen. Stat. Sec., 17a-586 and please produce the following documents. Production shall include but not be limited to the following:

   a) Statements of all witnesses, including those written or recorded statements of employees of the Whiting Forensic Division of Connecticut Valley Hospital that you considered in recommending the plaintiff confined under maximum-security conditions;

   b) All written memoranda's, all records, advice's and/or directives received from any official, employee of the State of Connecticut Department of mental Health and Addiction Services, and/or any of its subdivision or agent(s) from Whiting Forensic Service of C.V.H., regarding the plaintiff and pertaining to the report filed pursuant to Conn. Gen. Stat. Sec., 17a-586 and during the pendency of this matter and from the date of admission to unit # 2, from 9/30/99;

c) All records, logs, etc., and any reports or statements made by the C.V.H.- D.M.H.A.S., Police Agency Services or any other reports made by law enforcement authorities pertaining to any investigations with regard any incidents pertaining to the plaintiff from 9/30/99 and during the pendency of this matter; and this production shall include all investigative reports conducted by the DMHAS-Advocacy & Grievance Services and/or by the Connecticut Legal Rights Project, INC, that your office has knowledge off including records, logs, etc., maintained by the central registry of the Department of Mental Health and Addiction Services of the State of Connecticut; and

d) A list of any physical property, books, papers, documents or other tangible objects which were obtained from or belongings of the plaintiff from the date of 9/30/99, including: (1) Date and time the property or objects were acquired; (2) Location from which property or objects were acquired; (3) What person or persons first took the property or objects into their possession; (4) Reports made by Agency Police Services pertaining to property or objects; (5) That such property or objects be made available to the plaintiff for inspection and review.

15. Please state the procedures in effect at the Whiting Forensic Division of Connecticut Valley Hospital during the formulation of the report dated January 3rd, 2002, pursuant to the provisions of Conn. Gen. Stat. Sec., 17a-586. If those procedures are set forth in any policy, directive, or any other document please produce the document.

16. If you and/or your agent(s) made a determination that it would be medically harmful to place the plaintiff in a less restrictive setting than a maximum-security setting, please state the facts that you based your determination on.

17. Please describe your interactions with the plaintiff and state the date you have last spoken with the plaintiff in person.

18. It is further requested that you disclose any and all documents, reports or evidence from which you and/or your officers and/or agent(s), have concluded that the plaintiff is mentally ill or retarded to the extent that he requires treatment in no less restrictive than hospitalized under conditions of maximum-security at Whiting Forensic Institute. Please identify all persons who assisted you or were consulted in preparing your answer to this first set of interrogatories. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that the defendant produce the following:

    a) Each and every document identified in or used to respond to this First set of plaintiff's interrogatories;

    b) All such physical or scientific evidence to be clearly and separately identified.

THE PLAINTIFF

*Martin Dickinson*

Martin Dickinson Pro se,
70 O'Brien Drive
Middletown, CT 06457

1

2                                    **OATH**

3

4    I, Garrell S. Mullaney defendant in the above-entitled case,

5  hereby certify and say that the forgoing responses to the

6  plaintiffs Interrogatories and Request for Production of

7  Documents dated January 15, 2003 are true and accurate to the

8  best of my knowledge.

9

10                                      _____

11                                      Garrell S. Mullaney, C.E.O

12

       State of Connecticut              )
13
                                         ) ss.
14
       County of _____    )
15

16

17  Sworn to and subscribed before me this __ day of _____, 2004.

18

19

20

21                                      _____
                                        Notary Public/Commissioner
22                                      of Superior Court

23

24

25

1

2

3                        **<u>CERTIFICATION</u>**

4

5        I hereby certify that a copy of the forgoing Interrogatories

6    And Request for Production of Documents was mailed postage

7    Prepaid in accordance with the Federal Rules of Civil Procedure

8    on this 16th day of January, 2004, to:

9

10    Thomas J. Ring
      Assistant Attorney General
11    55 Elm Street, P.O. Box 120
      Hartford, CT 06141
12

13

14

15                                     *Martin F. Dickinson*

16                                     Martin F. Dickinson
                                       Whiting Forensic Institute
17                                     P.O. Box 70 O'Brien Drive
                                       Middletown, CT 06457
18

19

20

21

22

23

24

25